UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KORTNEY KING | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-1964 |
| GULFMARK AMERICAS, INC. | SECTION "R" (3) |

## **ORDER AND REASONS**

Before the Court is defendant GulfMark Americas, Inc.'s motion to continue trial in this matter.[1] For the following reasons, the motion is denied.

## I. BACKGROUND

This is a Jones Act case. According to plaintiff Kortney King's complaint, plaintiff was previously employed by GulfMark as a seaman aboard the vessel M/V KNOCKOUT.[2] Plaintiff alleges that on February 18, 2014, he was carrying groceries on the steps near the second floor of the vessel when he slipped on melted ice and fell down the steps.[3] The fall caused injuries to King's back, head, legs, and hands.

---

[1] R. Doc. 34.
[2] R. Doc. 1 at 2 ¶ 8.
[3] *Id.* at 3 ¶ 9.

Plaintiff filed suit on June 8, 2015. In his lawsuit, King alleges that the fall was caused solely by the negligence of GulfMark, and that the M/V KNOCKOUT was unseaworthy at the time of his fall.[4] Plaintiff alleges that that he is entitled to maintenance and cure from GulfMark, as well as compensatory and punitive damages, attorneys' fees, and costs.

Defendant now moves to continue trial. The motion is unopposed.

## II. DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide," for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000)(internal citations omitted).

Defendant argues that plaintiff's medical uncertainty warrants the continuance, as plaintiff's treating physician has recommended surgery, but

---

[4] *Id.* at 3-4 ¶¶ 10, 11.

surgery has not yet occurred.[5] This is the exact reason plaintiff gave the Court in plaintiff's previous motion to continue, which was granted in July[6] of last year. Defendant's motion gives no indication why the surgery—which was recommended at least as far back as July 2016—has not yet occurred, and there is also no indication if the surgery is even scheduled.[7] As such, the Court finds that defendant has not shown good cause to warrant a second continuance of this matter.

As to defendant's argument that a downturn in the oil and gas industry has made scheduling the remaining depositions difficult, the Court will extend the discovery deadline by three weeks. All depositions and discovery in this matter shall be completed by Wednesday, May 17. All other deadlines will remain the same.

---

[5] R. Doc. 34-1 at 1.
[6] *See* R. Doc. 21 at 1; R. Doc. 23.
[7] GulfMark's argument that trial should be continued because plaintiff needs surgery is at odds with GulfMark's argument in its motion for partial summary judgment that plaintiff is at maximum medical improvement. *See* R. Doc. 31-1 at 5.

## III. CONCLUSION

For the foregoing reasons, defendant's motion is DENIED, except that the deposition and discovery deadline will be extended until May 17, 2017.

New Orleans, Louisiana, this __4th__ day of May, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE